### FIREMENS INSURANCE COMPANY OF NEWARK, NEW JERSEY

v.

### Patricia M. CALORIO.

### Civ. A. No. 90–4937.

United States District Court, E.D. Pennsylvania.

April 12, 1991.

Joseph Strimber, Law Offices of Joseph Strimber, Philadelphia, Pa., for plaintiff.

Robert Schaffer, Philadelphia, Pa., for defendant.

### MEMORANDUM

BUCKWALTER, District Judge.

In this action for declaratory relief, plaintiff Firemens Insurance Company of Newark, New Jersey (Firemens) seeks a declaratory judgment that the defendant Patricia M. Calorio may not stack coverages in ex-

cess of the liability limits of her Firemens automobile insurance policy.

Calorio had a Firemens automobile insurance policy with liability coverage limits of $100,000 per accident, and uninsured motorist coverage limits of $100,000 per accident. Two of Calorio's automobiles were insured under this policy. On October 6, 1986, Calorio was involved in a motor vehicle accident while driving one of the automobiles insured under the above described insurance policy. She sustained personal injuries as result of the accident, and now seeks to stack the $100,000 uninsured motorist coverage held on each of her automobiles under the Firemens policy for a total stack coverage of $200,000 in uninsured benefits.

### Discussion

It is the position of the plaintiff Firemens that the defendant is not entitled to stack uninsured motorist coverages in excess of the $100,000 liability limit of the Firemens policy. Plaintiff's argument in large part rests upon its interpretation of Section 1736 of the Pennsylvania Motor Vehicle Financial Responsibility Law which provides in pertinent part as follows:

> The coverages provided under this subchapter may be offered by insurers in amounts higher than those required by this chapter but may not be greater than the limits of liability specified in the bodily injury liability provisions of the insurance policy.

75 Pa.C.S.A. § 1736.

The plaintiff contends that this section bars an insured from recovering uninsured motorist benefits in excess of the bodily injury liability limit of the insured's policy. Since the bodily injury liability limit of Calorio's policy is $100,000, it is the plaintiff's position that Calorio may only recover $100,000 in uninsured benefits because any recovery greater than this would exceed the policy's liability limit of $100,000, in violation of Section 1736. The plaintiff maintains that Section 1736 was enacted by the legislature to prevent an inequitable system of automobile insurance in which each driver may purchase large amounts of coverage to insure against his own loss at the hands of uninsured drivers while being permitted to purchase only comparatively small amounts of coverage to insure against the losses he may inflict upon others. The plaintiff's position is supported by this Court's decision in *Chartan v. Chubb Corp.*, 725 F.Supp. 849 (E.D.Pa. 1989) which forbade the stacking of uninsured motorist benefits in excess of the liability coverage "cap."

However, there is another opinion of this Court which took a position directly contrary to *Chartan* on the question of whether uninsured motorist benefits could be stacked in excess of liability limits. In *Byers v. Amerisure Ins. Co.*, 745 F.Supp. 1073 (E.D.Pa.1990), this Court held, in direct contradiction to *Chartan*, that the stacking of uninsured and underinsured motorist coverage is permissible regardless of whether such stacked coverage would exceed the policy's liability limits. The *Byers* court found 75 Pa.C.S.A. § 1736 "does not involve stacking. It caps the uninsured and underinsured motorist coverage in a single policy at the policy's bodily liability coverage limit. There is thus no explicit statutory authority on this problem." 745 F.Supp. at 1077. We agree with the *Byers* court's conclusion that Section 1736 relates to the relative amount of uninsured and underinsured coverage which an automobile insurance policy must provide but does not directly bear upon the question of whether such coverages may be stacked. We also agree that allowing insured motorists to stack uninsured and underinsured benefits in excess of liability limits would neither violate public policy nor frustrate the intent of the legislature.

We do not see any legitimate purpose in evaluating the relative merits of the differing positions on stacking which were articulated in *Chartan* and *Byers*. The stacking issue is an extremely close one, and both opinions contain persuasive arguments. However, in the final analysis, we find *Byers* to be more reflective of Pennsylvania's substantive law on the stacking issue than is *Chartan* and we shall therefore follow *Byers*.

Both *Byers* and *Chartan* dealt extensively with the stacking issue, and we feel no need to run the risk of further complicating matters with additional discussion on the merits of this issue. We need only state that we find *Byers* to be persuasive, and we adopt its reasoning as our own.

Accordingly, we find that the defendant is entitled to stack uninsured motorist coverages for both motor vehicles insured under Firemens Policy No. 24A 098079–65 in excess of the liability limits of this policy for a total stacked coverage of $200,000.

An order follows.

## ORDER

AND NOW, this 12th day of April, 1991, upon consideration of plaintiff's motion for summary judgment, it is hereby ORDERED AND DECREED that the plaintiff's motion is DENIED with prejudice. Furthermore, this court finds, as a matter of law, that the defendant may stack uninsured motorist coverage for both motor vehicles insured under Firemens Insurance Company of Newark, New Jersey, Policy No. 24A 098079–65 in excess of the liability limits of this policy for a total stacked coverage of Two–Hundred–Thousand Dollars ($200,000).

The Clerk of Court is directed to mark this file as CLOSED.